**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**JOSEPH FRANKLIN,**

                        **Plaintiff,**

            **v.**                                    **1:07-CV-189**
                                                           **(FJS/DRH)**

**THE CITY OF SCHENECTADY; BRIAN U.**
**STRATTON, individually and as Mayor of the**
**City of Schenectady; JOSEPH ALLEN,**
**individually and as a member of the City Council**
**of the City of Schenectady; MARK BLANCHFIELD,**
**individually and as a member of the City Council of**
**the City of Schenectady; DENISE BRUCKER,**
**individually and as a member of the City Council of**
**the City of Schenectady; PETER DELLA RATTA,**
**individually and as a former member of the City Council of**
**the City of Schenectady; CATHERINE LEWIS,**
**individually and as a former member of the City Council of**
**the City of Schenectady; FRANK MAURIZIO,**
**individually and as a member of the City Council of**
**the City of Schenectady; BARBARA STRANGFELD,**
**individually and as a former member of the City Council of**
**the City of Schenectady; L. JOHN VAN NORDEN,**
**individually and as former Deputy Corporation**
**Counsel of the City of Schenectady; KEITH LAMP,**
**individually and as Building Inspector of the City of**
**Schenectady; and RICHARD A. ALOIS, individually**
**and as former Code Enforcement Officer of the City**
**of Schenectady,**

                        **Defendants.**
_____

**APPEARANCES**                               **OF COUNSEL**

**KINDLON, SHANKS &**               **TODD G. MONAHAN, ESQ.**
**ASSOCIATES**
74 Chapel Street
Albany, New York 12207
Attorneys for Plaintiff

**CARTER, CONBOY, CASE,**            **MICHAEL J. MURPHY, ESQ.**

**BLACKMORE, MALONEY &**           **WILLIAM T. LITTLE, ESQ.**
**LAIRD, P.C.**
20 Corporate Woods Boulevard
Albany, New York 12211
Attorneys for Defendants

**SCULLIN, Senior Judge**

### MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

On February 20, 2007, Plaintiff brought this action pursuant to 42 U.S.C. § 1983 alleging that Defendants, both in their individual and official capacity, maliciously prosecuted Plaintiff in violation of his rights guaranteed by the United States Constitution and the laws of New York State. *See* Complaint at ¶¶ 35-36. Currently before the Court is Defendants' motion for summary judgment. Defendants assert that they are entitled to summary judgment because (1) Plaintiff failed to meet the elements of a malicious prosecution claim; (2) there was probable cause to issue the Information; (3) several of them were not personally involved in the prosecution; (4) they are entitled to immunity from this suit; and (5) Plaintiff has not alleged or proven any unconstitutional policy or procedure; and, therefore, he cannot state a claim against Defendant City of Schenectady.[1]

---

[1] Defendants moved to dismiss the action against Defendants Stratton, Allen, Blanchfield, Brucker, Della Ratta, Lewis, Maurizio, and Strangfeld on the ground that they were not personally involved in the alleged constitutional deprivations. *See* Defendants' Memorandum of Law at 10-12. Plaintiff does not oppose dismissal of the complaint against these Defendants. *See* Plaintiff's Memorandum of Law at 1. Plaintiff also does not oppose dismissal of the complaint against Defendant Van Norden on the ground that he was never served with the complaint. *See id.* Accordingly, because Plaintiff has not alleged any personal involvement on the part of Defendants Stratton, Allen, Blanchfield, Brucker, Della Ratta, Lewis, Maurizio, and Strangfeld and Defendant Van Norden has never been served with the complaint and because Plaintiff does not oppose the dismissal of these Defendants from this action, the Court grants

(continued...)

## II. BACKGROUND[2]

Plaintiff is the President of an organization known as Uncle Sam's House, Inc. ("Uncle Sam's"). This organization owns the property located at 797 Broadway, in Schenectady, New York. *See City of Schenectady v. Franklin*, Index No. 2005-69430, at 1 (Dkt. Nos. 25-26). According to Plaintiff, "[t]he purpose of the organization is to address the critical needs of returning service-disabled war veterans, such as housing, counseling, job training and employment opportunities." *See* Affidavit of Joseph Franklin sworn to September 22, 2008 ("Franklin Aff."), at ¶ 2. The property that Uncle Sam's owns is located wholly within the "H Heavy Industrial Zoning District." *See* Affidavit of William T. Little sworn to May 30, 2008 ("Little Aff."), at Exhibit "F." Pursuant to City Code § 264-19, using property within the "H Heavy Industrial Zoning District" for residential facilities is a prohibited use.

On March 22, 2005, David Jones, an individual residing at Uncle Sam's, appeared at Schenectady City Hall's Bureau of Complaints to file a complaint regarding conditions at Uncle Sam's. After making his initial complaint to the clerk, Mr. Jones met with Defendant Richard Alois, the City of Schenectady Building Code Enforcement Supervisor. After informing Defendant Alois of his complaints, Mr. Jones invited Defendant Alois back to his residence at Uncle Sam's so that he could view the violations himself.

While at Uncle Sam's, Defendant Alois observed three bedrooms, a kitchen, and a common area. After the brief inspection, Defendant Alois returned to his office, where he

---

[1](...continued)
Defendants' motion for summary judgment as to these Defendants.

[2] Unless otherwise noted, the parties do not dispute the facts in this section.

-3-

discussed with his supervisor, Defendant Keith Lamp, what he had observed at Uncle Sam's.

Following his discussion with Defendant Alois, Defendant Lamp applied for a search warrant to

search the premises.

On March 22, 2005, Defendant Lamp executed the search warrant that Schenectady City

Court Judge Guido Loyola issue.  During the course of the search and pursuant to its authority,

Defendant Lamp reviewed documents stored in a computer that indicated that three individuals,

including Mr. Jones, were residing at Uncle Sam's.

Defendant Lamp prepared an Information charging Plaintiff, President of Uncle Sam's;

David Owens, Executive Director of Uncle Sam's; and Uncle Sam's with violating section 264-

19 of the City of Schenectady Zoning Code, which states, in essence, that using a facility within

the H Heavy Industrial District for residential purposes without a use variance issued by the City

of Schenectady is prohibited.

On May 10, 2006, a criminal trial was commenced before Judge Loyola.  On October 4,

2006, Judge Loyola rendered his decision, in which he held that,

> [a]t most, there may have been a technical violation of the city
> code.  The defendants candidly admitted that they were aware of
> the need for a special permit for an over-night watchman.  Given
> the unique circumstances in which the individual was recently
> released on parole and homeless and the defendants took him in to
> provide emergency shelter and services, and the lack of venality or
> criminality in the conduct of the board members or the executive
> director; and the fact that the violations of the city code were
> committed by individuals working in their corporate capacities, the
> court is constrained to dismiss the charges against "Joseph A.
> Franklin" and "David Owens" personally, and/or individually.
>
> However, the court does find that "Uncle Sam's House, Inc." did
> commit a technical violation regarding the over-night stay of an
> individual and is, in fact, in violation of Count 1 of the
> information.

*City of Schenectady v. Franklin*, Index No. 2005-69430, at 6-7.


## III. DISCUSSION

**A.      Plaintiff's malicious prosecution claim**

It is well-established that to state a cause of action for malicious prosecution under section 1983, a plaintiff must prove "'(1) the initiation or continuation of a criminal proceeding against plaintiff; (2) termination of the proceeding in plaintiff's favor; (3) lack of probable cause for commencing the proceeding; and (4) actual malice as a motivation for defendant's actions.'" *Jocks v. Tavernier*, 316 F.3d 128, 136 (2d Cir. 2003) (quotation omitted).

In the present case, it is clear that someone initiated a criminal proceeding against Plaintiff.  It is also clear, however, that Plaintiff has failed to establish the remaining three elements.


### *1. Termination of the proceeding in Plaintiff's favor*

"Where the prosecution did not result in an acquittal, it is deemed to have ended in favor of the accused . . . only when its final disposition is such as to indicate the innocence of the accused." *Murphy v. Lynn*, 118 F.3d 938, 948 (2d Cir. 1997) (citation omitted).  Furthermore, a "dismissal 'in the interest of justice' bars malicious prosecution claim because [it is] neither acquittal nor any determination of the merits." *O'Brien v. Alexander*, 101 F.3d 1479, 1487 (2d Cir. 1996) (citing *Miller v. Star*, 123 A.D.2d 750, 751-52, 507 N.Y.S.2d 223 (2d Dep't 1986)) (other citations omitted).

As set forth, the record shows that Judge Loyola dismissed the charges against Plaintiff

"personally, and/or individually" because he found that Plaintiff committed the violations of the

City Code while he was working in his corporate capacity and that he and his fellow corporate

officers lacked "venality."  The court then proceeded to find the corporation guilty of the alleged

violation.  *See id.*[3]

Further, in commenting on the uniqueness of the situation, the court noted the fact that

the one individual residing at Uncle Sam's was homeless and recently paroled.  *See id.*  It further

commented on the "lack of venality or criminality in the conduct of the board members or the

executive director."  *See id.*

As such, the dismissal of the charges against Plaintiff in his "individual" capacity does

not amount to a termination of the proceeding in his favor.  The court did not state that Plaintiff

was innocent of the alleged violations; it merely commented on his lack of criminal intent and

the uniqueness of the situation.  Although it did not use the language "in the interests of justice,"

the action that the court took was clearly akin to such a dismissal.  *See Rothstein v. Carriere*, 373

F.3d 275, 286 (2d Cir. 2004) (holding that a dismissal "out of mercy requested or accepted by the

accused" is not a "favorable" termination for purposes of a subsequent malicious prosecution

claim) (quoting *Smith-Hunter*, 95 N.Y.2d at 196-97, 712 N.Y.S.2d 438, 734 N.E.2d 750).

### 2. Probable cause

---

[3] It appears that the court may have used the words "personally, and/or individually" to
mean Plaintiff in his capacity as President of the organization.  The Information for Violation of
City Code § 264-19 names Plaintiff as a defendant, but it does not state that he is being sued in
his individual capacity; it merely states that "[d]efendant Joseph Franklin is President of
defendant Uncle Sam's House, Inc."  It makes no reference to him in his individual capacity, and
it appears that the court may have unintentionally used this term of art.

Courts have defined probable cause as "'the knowledge of facts, actual or apparent, strong enough to justify a reasonable man in the belief that he has lawful grounds for prosecuting the defendant in the manner complained of.'" *Rounseville v. Zahl*, 13 F.3d 625, 629 (2d Cir. 1994) (quotation and other citation omitted). "'The existence of probable cause is measured as of the time the prosecution was initiated and is based on facts known to or believed to be true by the defendant at that time.'" *Ferlito v. City of Oswego*, No. 5:03-CV-96, 2006 WL 2238939, *11 (N.D.N.Y. Aug. 4, 2006) (quoting [*Loeb v. Teitelbaum*, 77 A.D.2d 92, 103 (2d Dep't 1980)]). "[A] probable cause determination does not require proof beyond a reasonable doubt; it is the mere probability of criminal activity, based on the totality of the circumstances, that satisfies the Fourth Amendment." *Hahn v. County of Otsego*, 820 F. Supp. 54, 58 (N.D.N.Y. 1993), *aff'd without opinion*, 52 F.3d 310 (2d Cir. 1995) (citation omitted).

In the present matter, there was probable cause to commence Plaintiff's prosecution. David Jones testified that he complained about a situation at Uncle Sam's to Defendant Alois and, thereafter, accompanied Defendant Alois to the premises for a visual inspection. *See* Little Aff. at Exhibit "R," at 136-42. Further, while at the premises, Defendant Alois observed what appeared to be three bedrooms, providing probable cause to believe that the charged violations occurred. *See id.* at Exhibit "S," at 8-9.

Defendant Lamp, thereafter, applied for and obtained a search warrant from a neutral magistrate. *See id.* at Exhibit "U." The issuance of the search warrant, which depends on a finding of probable cause, creates a strong presumption that it was objectively reasonable for Defendants to believe that there was probable cause. *See Golino v. City of New Haven*, 950 F.2d 864, 870 (2d Cir. 1991) (citation omitted). While executing the search warrant, Defendant Lamp

reviewed documents stored in a computer at Uncle Sam's, which indicated that three individuals were living on the premises. *See* Little Aff. at Exhibit "T," at 46. Finally, the pictures taken of the premises make clear that it was entirely reasonable for Defendants to believe that people were living at Uncle Sam's in violation of the City of Schenectady Zoning Code. *See id.* at Exhibit "V, part II."

Plaintiff admits that this evidence may have established probable cause to believe that Uncle Sam's had violated the Zoning Code; nonetheless, he asserts that it does not provide probable cause to believe that he, as an individual, had violated the Zoning Code, which is the basis of this action. *See* Franklin Aff. at ¶¶ 6, 8.

As stated, the Information as filed only named Plaintiff in his corporate capacity. However, even if it had named Plaintiff personally, it was objectively reasonable for Defendants to believe that Plaintiff was individually involved in the violations. Plaintiff was the founder of Uncle Sam's and president of its board of trustees. *See id.* at ¶ 4. Plaintiff readily admits to his personal involvement in the hiring of Mr. Jones as the resident caretaker – an act in violation of the Zoning Ordinance. *See id.* at ¶ 6. Accordingly, Plaintiff's assertions that he had no personal involvement or knowledge of the violations are without merit and, in any event, do not change the fact that Defendants had probable cause to commence the prosecution. Furthermore, contrary to Plaintiff's assertion, Defendants were not required to investigate further, at this preliminary stage, to determine Plaintiff's exact level of involvement in the violations in which his corporation was involved. *C.f. Jocks v. Tavernier*, 316 F.3d 128, 135-36 (2d Cir. 2003) (noting that Second Circuit law imposes no duty on the arresting officer to investigate exculpatory defenses offered by the person being arrested); *Panetta v. Crowley*, 460 F.3d 388,

395-96 (2d Cir. 2006) (holding that statements from an eye-witness to an alleged crime constitutes probable cause unless there are reasons to doubt the veracity of the source and that probable cause is not vitiated because the officer did not investigate the arrestee's claim of innocence).[4]

### 3. Malice

Although probable cause is a complete defense to a malicious prosecution claim, the Court notes that Plaintiff failed to provide evidence that Defendants acted with actual malice. To show actual malice, a plaintiff must show that the defendant "commenced the prior criminal proceeding due to a wrong or improper motive, something other than a desire to see the ends of justice served. . . ." *Nardelli v. Stamberg*, 44 N.Y.2d 500, 503 (1978) (citations omitted).

Plaintiff asserts that malice is shown here by the extensive adverse history between the City and Uncle Sam's, the fact that Defendants could have, but did not approach Plaintiff to amicably resolve this issue, and because Defendants chose to prosecute this as a criminal matter rather than a mere zoning violation. *See* Plaintiff's Memorandum of Law at 9 (citation omitted).

Plaintiff clearly failed to show that Defendants acted with malice. Plaintiff merely speculated as to Defendants' motive for bringing the underlying prosecution, and such speculation cannot defeat a motion for summary judgment. *C.f. Zuckerman v. City of New York*, 49 N.Y.2d 557, 563 (1980) (citations omitted).

---

[4] Aside from initiating the prosecution and subsequently providing trial testimony regarding what they witnessed while conducting the search of Uncle Sam's, Defendants Alois and Lamp had no further involvement in the prosecution.

*4. Plaintiff's Monell claim*

A claim pursuant to 42 U.S.C. § 1983 against a municipality must allege that the municipality's custom or policy caused the deprivation of the plaintiff's constitutional rights.  *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978).  As stated, since there was no deprivation of a Constitutional right, there can be no section 1983 claim against the City of Schenectady.

**B.      Plaintiff's state-law claim**

Plaintiff's complaint contains a state-law claim for malicious prosecution.  District courts have supplemental jurisdiction over all state-law claims that are so related to federal claims over which they exercise original jurisdiction that they form part of the same case or controversy under Article III of the Constitution.  *See* 28 U.S.C. § 1367(a).  Application of supplemental jurisdiction is discretionary, and "it requires a balancing of the considerations of comity, fairness to the litigants, judicial economy, and the avoidance of needless decisions of state law." *Federman v. Empire Fire & Marine Ins. Co.*, 597 F.2d 798, 809 (2d Cir. 1979) (citation omitted).

A claim for malicious prosecution brought under section 1983 to vindicate the guarantees of the Fourth Amendment is "'substantially the same'" as a claim for malicious prosecution under state law, *see Jocks*, 316 F.3d at 134 (quotation and other citation omitted), with the exception that section 1983 requires that the tortfeasor act under color of state law, *Posr v. Doherty*, 944 F.2d 91, 94-95 (2d Cir. 1991) (citation omitted).  As discussed above, Plaintiff has failed to prove the necessary elements of a malicious prosecution claim.  Accordingly, in the interest of

-10-

judicial economy, the Court exercises supplemental jurisdiction over Plaintiff's state-law

malicious prosecution claim and grants Defendants' motions for summary judgment with respect

to that claim.  *See McIntyre v. Longwood Cent. Sch. Dist.*, __ F. Supp. 2d __, 2009 WL 3113261,

*8 n.3 (E.D.N.Y. Sept. 30, 2009) (exercising the court's supplemental jurisdiction to dismiss

plaintiff's state-law claims after dismissing the related federal claims because the same standard

applied to both the federal and state claims) (citations omitted).


### IV. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions and the

applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Defendants' motion for summary judgment is **GRANTED**; and the Court

further

**ORDERS** that the Clerk of the Court shall enter judgment in favor of Defendants and

close this case.


**IT IS SO ORDERED.**


Dated: November 23, 2009
      Syracuse, New York

_____
Frederick J. Scullin, Jr.
Senior United States District Court Judge